IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYANT ELLIOTT DAVIS, #320951            *

    Plaintiff,                                        *

        v.                                         *    Civil Action No. WDQ-07-223

SHANCETHEA LEATHERWOOD, et al.,          *

    Defendants.                                    *
                                                  ******

**MEMORANDUM**

In this 42 U.S.C. § 1983 action, Plaintiff alleges that his constitutional rights were violated during state court criminal proceedings by Defendants, members of the Baltimore City State's Attorney's Office. Paper No. 1. Because he appears indigent, Plaintiff shall be granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court concludes that dismissal is appropriate.

Plaintiff asserts that Assistant State's Attorneys Shancethea Leatherwood and Robyne Sherman violated his constitutional rights during the prosecution of his criminal case due to their failure to disclose exculpatory evidence. Specifically, Plaintiff alleges that Defendants were generally aware of improper behavior engaged in by Baltimore City's "Flex Squad" and had a duty to disclose this improper conduct to Plaintiff's defense attorney. Plaintiff does not allege that Defendants were aware of any specific improprieties in Plaintiff's case.

Prosecutors are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process...." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993); *Springmen v. Williams*, 122 F.3d 211,

213 (4th Cir. 1997).  Here, the alleged conduct, failure to properly respond to discovery requests, clearly is "intimately associated with the judicial phase of the criminal process" and thus is entitled to absolute prosecutorial immunity.  *Imbler*, 424 U.S. at 430.  For this reason, Plaintiff's claims against the prosecutors are subject to dismissal.

It is unclear based on the record before the Court whether Plaintiff has been convicted of the crimes for which he was arrested and tried.[1]  A plaintiff who seeks to recover damages under § 1983 for a false arrest, the unlawfulness of which would render a conviction or sentence invalid, must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994).  Plaintiff has failed to show same, and as such any claim of false arrest is subject to dismissal without prejudice, subject to renewal should be able to show acquittal or reversal of the criminal charges relevant to this suit.

In light of the foregoing, this case shall be dismissed.  A separate Order follows.

February 9, 2007                              /s/
Date                                          William D. Quarles, Jr.
                                              United States District Judge

---

[1] A § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.